1  Timothy L. Reed, CA Bar No. 258034
   timothy.reed@ogletree.com
2  Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
   One Embarcadero Center, Suite 900
3  San Francisco, CA  94111
   Telephone:    415-442-4810
4  Facsimile:    415-442-4870

5  Attorneys for Defendants ETOUCH SYSTEMS
   CORP. and VIRTUSA CORPORATION
6

7

8                 **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | KIRILL RAZZHIGAEV and IGOR SHMAKOV | Case No. |
   |---|---|
12 | Plaintiffs, | **DEFENDANTS ETOUCH SYSTEMS CORP. AND VIRTUSA CORPORATION'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1441 (FEDERAL QUESTION)** |
13 | vs. | |
14 | ETOUCH SYSTEMS CORP., VIRTUSA CORPORATION, and DOES 1 through 10, | |
15 | Defendants. | Action Filed:        10/26/2022 |
16

17

18

19

20

21

22

23

24

25

26

27

28

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

2    **DISTRICT OF CALIFORNIA, AND PLAINTIFFS KIRILL RAZZHIGAEV AND IGOR**

3    **SHMAKOV AND THEIR ATTORNEYS OF RECORD:**

4          **PLEASE TAKE NOTICE** that defendants ETOUCH SYSTEMS CORP. and VIRTUSA

5    CORPORATION ("Defendants") hereby remove this action from the Superior Court of California,

6    County of Alameda to the United States District Court for the Northern District of California,

7    pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  In support of this removal, Defendants state

8    as follows:

9                                          **THE STATE COURT ACTION**

10          1.      On October 26, 2022, plaintiffs KIRILL RAZZHIGAEV and IGOR SHMAKOV

11    ("Plaintiffs") commenced this action against Defendants by filing a Complaint in the Superior Court

12    of California, County of Alameda, entitled *Kirill Razzhigaev and Igor Shmakov v. eTouch Systems*

13    *Corp., Virtusa Corporation, and Does 1 through 10*, Case No. 22CV020604 (the "Complaint").  The

14    Complaint alleges claims for (1) failure to pay overtime wages in violation of sections 510, 1194,

15    and 1198 of the California Labor Code and Wage Order 4-2001; (2) violation of the federal Fair

16    Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for non-payment of overtime; (3) failure to pay all

17    wages due at termination in violation of sections 201, 202, and 203 of the California Labor Code;

18    and (4) violation of section 17200, *et seq.* of the California Business and Professions Code.  A true

19    and correct copy of the Complaint, Summons, and other documents served on Defendants is attached

20    hereto as **Exhibit A**.

21          2.      Defendant Virtusa Corporation was served with the Summons and Complaint on

22    November 3, 2022.  A true and correct copy of the Service of Process Notice provided to Virtusa

23    Corporation by its registered agent for service of process, Corporate Creations, is attached hereto as

24    **Exhibit B**.

25          3.      Defendants timely filed an Answer to Plaintiffs' Complaint in state court on

26    December 5, 2022.  A true and correct copy of Defendants' Answer to Plaintiffs' Complaint is

27    attached hereto as **Exhibit C**.  Upon receiving a conformed copy of the Answer, Defendants will file

28    it with this Court.

4.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. Notice of Removal is timely filed because the 30th day after service of the initial pleading setting forth the claims for relief upon which Plaintiffs' action is based falls on a Saturday, December 3, 2022.  Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the period for which Defendants have to file and serve this Notice of Removal is extended to "the next day that is not a Saturday, Sunday, or legal holiday," December 5, 2022 in this case.

5.      Removal to this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of California, County of Alameda, is geographically located within this Court's district and division. Further, Pursuant to Local Rules 3-2(d) and 3-5(b), this action is properly assigned to either the San Francisco or Oakland division of this Court, as Plaintiffs originally brought this action in the Superior Court of the State of California, County of Alameda.

6.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

7.      In accordance with 28 U.S.C. § 1446(d), a copy of the original Notice of Removal, save and except the exhibits, will be filed with the Superior Court for the County of Alameda.

8.      In accordance with 28 U.S.C. § 1446(d), Defendants will provide notice of this removal to Plaintiffs.

9.      **Exhibits A and C** include all documents known to Defendants to be on file with the Alameda County Superior Court in this action.

## BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION

10.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11.      Plaintiffs' Complaint alleges that Defendants violated the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, by failing to pay overtime.

12.      By asserting claims under federal law, namely, the Fair Labor Standards Act, Plaintiffs' Complaint asserts a federal question under 28 U.S.C. §1331.  Accordingly, this case is

1    properly removable under 28 U.S.C. § 1441(a).

2                    **SUPPLEMENTAL JURISDICTION**

3            13.      This Court has supplemental jurisdiction over Plaintiffs' state law claims for failure

4 to pay overtime wages, failure to pay all wages due at termination, and violation of section 17200,

5 *et seq.* of the California Business and Professions Code.  Pursuant to 28 U.S.C. § 1367, this Court

6 has supplemental jurisdiction over all other claims that are so related to Plaintiffs' federal cause of

7 action "that they form part of the same case or controversy under Article III of the United States

8 Constitution."  State law claims fall within this Court's supplemental jurisdiction when they share

9 with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would

10 ordinarily be expected to try them all in one judicial proceeding."  *United Mine Workers of Am. v.*

11 *Gibbs*, 383 U.S. 715, 725 (1966).

12            14.      Here, Plaintiffs' state law claims relate closely to claim under the federal Fair Labor

13 Standards Act.  The claims all arise out of a common nucleus of operative facts:  Plaintiffs'

14 allegations that they were misclassified as exempt employees and therefore not paid overtime wages.

15 Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to

16 28 U.S.C. § 1367.  Moreover, there is no reason why this Court should not exercise supplemental

17 jurisdiction over Plaintiffs' state law claims.  Plaintiffs' state law claims neither raise novel or

18 complex issues of State law nor predominate over the claims over which this Court has original

19 jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court

20 to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  Thus, removal is proper under

21 28 U.S.C. § 1441(c).

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    Accordingly, Defendants respectfully request that the action now pending against Defendant

2  in the Superior Court of California, County of Alameda, be removed to this Court.  In the event this

3  Court has a question regarding the propriety of this Notice of Removal, Defendants respectfully

4  request that it issue an Order to Show Cause so that Defendants may have an opportunity to more

5  fully brief the Court of the basis for this removal.

6

7  DATED:  December 5, 2022                    OGLETREE, DEAKINS, NASH, SMOAK &
8                                              STEWART, P.C.

9

10                                             By:  */s/Timothy L. Reed*_____
11                                                   Timothy L. Reed

12                                             Attorneys for Defendants ETOUCH SYSTEMS
                                               CORP. and VIRTUSA CORPORATION
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1441 (FEDERAL QUESTION)

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ETOUCH SYSTEMS CORP., VIRTUSA CORPORATION, AND
DOES 1 THROUGH 10.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KIRILL RAZZHIGAEV and IGOR SHMAKOV

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**10/26/2022**
Chad Finke, Executive Officer / Clerk of the Court
By: _____ X. Bowie _____ Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>**22CV020604** |
|---|---|

Superior Court of California, County of Alameda
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alexei Kuchinsky, Kuchinsky Law Office, P.C., 220 Montgomery St., Suite 2100 San Francisco, CA 94104

| DATE:<br>*(Fecha)* 10/26/2022 | Clerk, by | | , Deputy |
|---|---|---|---|
| Chad Finke, Executive Officer / Clerk of the Court | *(Secretario)* ___ X. Bowie ___ | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* VIRTUSA CORPORATION

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  Alexei Kuchinsky  State Bar No. 279405
2  KUCHINSKY LAW OFFICE, P.C.
   220 Montgomery Street, Suite 2100
3  San Francisco, CA 94104
   Tel.:     (628) 200-0902
4  Fax.:    (628) 200-0907
   Email:   ak@kuchinskylawoffice.com
5
6  Attorney for Plaintiffs Kirill Razzhigaev
   and Igor Shmakov
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**10/26/2022 at 02:54:28 PM**
By: Xian-xii Bowie,
Deputy Clerk

8            **SUPERIOR COURT OF CALIFORNIA**

9               **COUNTY OF ALAMEDA**

10             **UNLIMITED JURISDICTION**

11

12

13  KIRILL RAZZHIGAEV and IGOR
    SHMAKOV,
14
                                          CASE NO.: **22CV020604**
15              PLAINTIFFS,
                                          **COMPLAINT FOR DAMAGES**
16                 VS.
                                          1.  Failure to Pay Overtime Wages;
17  ETOUCH SYSTEMS CORP., VIRTUSA         2.  Violation of the Fair Labor
    CORPORATION, AND DOES 1 THROUGH           Standards Act for Non-Payment of
18  10.                                        Overtime;
                                          3.  Failure to Pay All Wages Due at
19              DEFENDANTS.                    Termination; and
                                          4.  Unfair Competition.
20

21

22      1.  Plaintiffs Kirill Razzhigaev and Igor Shmakov bring this action against Defendants
23  ETouch Systems Corp., Virtusa Corporation, and Does 1 through 10, and allege the following:
24      **I.      INTRODUCTION**
25      2.  This action is brought by Plaintiffs Kirill Razzhigaev and Igor Shmakov ("Plaintiffs")
26  against their former employers Defendants ETouch Systems Corp., Virtusa Corporation, and Does
27  1-10 for failure to pay overtime.
28

---

**1**

**COMPLAINT**

## II.    VENUE AND JURISDICTION

3.  It is appropriate for this court to exercise jurisdiction over Defendants because they are residents of and/or are doing business in the State of California.

4.  Venue is proper in this Court in accordance with Section 395(a) of the California Code of Civil Procedure because at all relevant times Defendants' principal place of business was situated in Newark, Alameda County, California.

5.  The damages sought in this matter exceed $25,000.

## III.   PARTIES

### A.  Plaintiffs

6.  Plaintiff Kirill Razzhigaev was, at all times mentioned herein, a natural individual, residing in the County of Santa Clara, State of California.

7.  Plaintiff Igor Shmakov was, at all times mentioned herein, a natural individual, residing in the County of Santa Clara, State of California.

8.  At all relevant times, Plaintiffs were hourly non-exempt employees and were entitled to all benefits and protections of California Labor Code, California Industrial Welfare Commission Occupational Wage Order No. 4-2001 (Title 8 California Code of Regulations §§11040), or other applicable Wage Order(s), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA")

### B.  Defendants

#### 1. Corporate Defendants

9.  Defendant ETouch Systems Corp., is a Delaware Corporation registered with the California Secretary of State to do business in California as a corporation under the same name (Entity No. C2012620) and is doing business in the state of California. At all relevant times, ETouch Systems Corp.'s principal place of business was situated in Newark, Alameda County, California.

10. Defendant Virtusa Corporation is a Delaware Corporation registered with the California Secretary of State to do business in California as a corporation under the same name (Entity No. C2476756) and is doing business in the state of California. At all relevant times, Virtusa

**COMPLAINT**

1   Corporation's principal place of business was situated in Newark, Alameda County, California.

2      11. On information and belief Plaintiffs allege that at all relevant times, all Defendants
3   performed (either through unified operation or common control) the related activities for a
4   common business purpose as a single enterprise. Defendants performed all such activities through
5   one or more establishments or by one or more corporate or other organizational units. On
6   information and belief Plaintiffs allege that at all relevant times, Defendants were and are under
7   common ownership in that one corporate defendant so dominated and controlled the finances,
8   policies and practices of the other corporate defendants and that the other corporate defendants
9   were merely a conduit or instrument of the controlling corporation in pursuit of a single business
10  venture. Therefore, disregarding the separate nature of the corporations is necessary to prevent an
11  injustice to Plaintiffs.

12     12. On information and belief Plaintiffs allege that at all relevant times, that all corporate
13  Defendants participated in a common venture or in a similar or functionally reciprocal business;
14  they have identical equitable ownership; common directors, officers, and employees; share the
15  same resources, pool assets and revenues, or use of one corporation's financial resources to pay or
16  guaranty the other's obligations. Defendants jointly benefit from transactions entered into by one
17  of them. Defendants used common management and financial control, and their operations
18  depended on each other.

19                          ***2. Doe Defendants***

20     13. The true names and capacities of Defendants Does 1 through 10, inclusive, are currently
21  unknown to Plaintiffs, whom, therefore, Plaintiffs sues by their fictitious names. Plaintiffs are
22  informed and believe and thereon allege that each of those Defendants was in some manner
23  responsible for the events and happenings alleged in this complaint and for Plaintiffs' injuries and
24  damages.

25  **IV.      GENERAL ALLEGATIONS**

26     14. Defendants own, operate, and manage a technology company under the fictitious business
27  name "eTouch" or "Virtusa."

28     15. From September 17, 2017 through October 19, 2021 ("Razzhigaev's Employment Period"),

**COMPLAINT**

1   Defendants employed Plaintiff Razzhigaev as phone and test technicians.

2       16. From April 2, 2018 through August 20, 2021, ("Shmakov's Employment Period"),
3   Defendants employed Plaintiff Shmakov as a test engineer.

4       17. During their respective employment periods, Defendants jointly employed Plaintiffs. They
5   jointly exercised control over the wages, hours, or working conditions of Plaintiffs. They jointly
6   engaged, suffered, or permitted Plaintiffs to work under working conditions described herein.
7   During the relevant employment period, Defendants jointly had control or the right to control
8   Plaintiffs both as to the work done and the manner and means in which Plaintiffs' work was
9   performed.

10      18. According to Defendants' employment offers, Plaintiff Razzhigaev was hired as a Senior
11  Consultant, engaged as a Project Resource. Plaintiff Shmakov was hired as a test engineer. During
12  Plaintiffs' respective Employment Periods, Defendants misclassified Plaintiffs as exempt
13  employees and as a result, denied Plaintiffs the benefits and protections of California Labor Code,
14  the applicable Industrial Welfare Commission Order, California Code of Regulations, Title 8,
15  section 11040. During Plaintiffs' respective Employment Periods, Plaintiffs were nonexempt
16  employees entitled to the protections of California Labor Code, the applicable Industrial Welfare
17  Commission Order, California Code of Regulations, Title 8, section 11040.

18      19. For services provided, Defendants paid Plaintiffs an hourly rate ranging from $45 to $62
19  depending on the employment period.

20      20. Plaintiffs worked more than forty (40) hours in a workweek and/or more than eight (8)
21  hours in a workday. At times, Plaintiffs worked more than twelve hours in a workday. Defendants
22  have had actual or constructive knowledge that Plaintiffs had been working overtime. Defendants
23  failed to pay Plaintiffs the overtime wages required under California and federal law at least one-
24  and one-half times the employee's regular rate for all overtime work. Plaintiffs estimates that
25  During Plaintiffs' respective Employment Periods, he worked at least 3,286 hours that constitute
26  as overtime under Labor Code section 510. Defendants failed to pay Plaintiffs the overtime wages
27  required under California law.

28      21. As phone and test technicians, Plaintiffs were responsible for preparing mobile phones for

**4**

**COMPLAINT**

1    the service line. Plaintiffs' core responsibilities included primarily installation, configuration, and

2    the upgrade of mobile operating systems or applications on various cell phones.

3        22. During Plaintiffs' respective Employment Periods, as phone and test technicians, Plaintiffs

4    did not and were not expected to primarily engage in work that was intellectual or creative and

5    that required the exercise of discretion and independent judgment.

6        23. During Plaintiffs' respective Employment Periods, as phone and test technicians, Plaintiffs

7    did not and were not expected to apply systems analysis techniques and procedures. They did not

8    and were not expected to design, development, documentation, analysis, creation, testing, or

9    modification of computer systems or programs, including prototypes, based on and related to user

10   or system design specifications.

11       24. During Plaintiffs' respective Employment Periods, as phone and test technicians, Plaintiffs

12   did not and were not expected to document, test, create, or modify computer programs related to

13   the design of software or hardware for computer operating systems.

14       25. During Plaintiffs' respective Employment Periods, all tasks performed by Plaintiffs were

15   completed according to highly detailed instructions provided by Defendants. All of Plaintiffs'

16   duties could have been performed by any person who could read English and follow instructions.

17   Plaintiffs' jobs did not require any skills and proficient knowledge in either the theoretical and

18   practical application of highly specialized information to computer systems analysis,

19   programming, or software engineering.

20       26. During Plaintiffs' respective Employment Periods, as phone and test technicians, Plaintiffs

21   simply engaged in the operation, repair, and maintenance of mobile phones.

22       27. During Plaintiffs' respective Employment Periods, None of the exemptions listed in Wage

23   Order No. 4-2001 section 1(A) and Labor Code section 515.5 were applicable to Plaintiffs.

24                              **FIRST CAUSE OF ACTION**

25                              **Failure to Pay Overtime Wages**

26              **(Cal. Labor Code §§ 510, 1194, 1198 and Wage Order 4-2001**

27                        **(Plaintiffs Against All Defendants)**

28       28. Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs

**COMPLAINT**

1   of this Complaint.

2       29. At all relevant times, Defendants were employers subject to California Labor Code section

3   510 and California Industrial Welfare Commission Wage Order 4-2001, which include provisions

4   setting forth the definition of overtime and the amount of compensation to be paid to an employee

5   that works overtime.

6       30. At all relevant times, Plaintiffs were non-exempt employees of Defendants under

7   California law.

8       31. At all relevant times, Defendants were required to compensate Plaintiffs for all overtime

9   work performed, at one and one-half (1 ½) times the regular rate of pay for hours worked in excess

10  of eight (8) hours per day and/or forty (40) hours per week (whichever was greater), and for the

11  first eight (8) hours on the seventh (7th) consecutive day of any work week. Additionally,

12  Defendants were required to compensate Plaintiffs with double time after twelve (12) hours in a

13  single workday and after eight (8) hours on the seventh (7th) consecutive day of any work week.

14      32. On more than one occasion, Defendants engaged, suffered, or permitted Plaintiffs to work

15  in excess of eight (8) hours in a day.

16      33. On more than one occasion, Defendants engaged, suffered, or permitted Plaintiffs to work

17  in excess of forty (40) hours a week.

18      34. On more than one occasion, Defendants engaged, suffered, or permitted Plaintiffs to work

19  (12) hours in a single workday and more than eight (8) hours on the seventh (7th) consecutive day

20  of any work week.

21      35. Furthermore, During the relevant employment period, Defendants hired and required

22  Plaintiffs to perform job duties and assignments that do not satisfy the exempt requirements of

23  Labor Code or the appliable wage order, including the Wage Order No. 4.

24      36. Defendants have failed to pay Plaintiffs an overtime premium for every hour of overtime

25  that Defendant engaged, suffered, or permitted Plaintiffs to work in violation of Labor Code

26  section 1194.

27      37. As a direct and proximate result of Defendants' wrongful acts and omissions alleged

28  herein, Plaintiffs have suffered actual damages in an amount subject to proof at trial. Plaintiffs

**6**

**COMPLAINT**

1    have incurred and will continue to incur attorney's fees as a result of prosecuting this cause of

2    action.

3       38. Furthermore, Labor Code section 204(a) provides in pertinent part that

4           (a) All wages, other than those mentioned in Section 201, 201.3, 202,
5               204.1, or 204.2, earned by any person in any employment are due
                and payable twice during each calendar month, on days
6               designated in advance by the employer as the regular paydays.
                Labor performed between the 1st and 15th days, inclusive, of any
7               calendar month shall be paid for between the 16th and the 26th
                day of the month during which the labor was performed, and labor
8               performed between the 16th and the last day, inclusive, of any
9               calendar month, shall be paid for between the 1st and 10th day of
                the following month. However, salaries of executive,
10              administrative, and professional employees of employers covered
                by the Fair Labor Standards Act, as set forth pursuant to Section
11              13(a)(1) of the Fair Labor Standards Act, as amended through
12              March 1, 1969, in Part 541 of Title 29 of the Code of Federal
                Regulations, as that part now reads or may be amended to read at
13              any time hereafter, may be paid once a month on or before the
14              26th day of the month during which the labor was performed if
                the entire month's salaries, including the unearned portion
15              between the date of payment and the last day of the month, are
                paid at that time.
16

17      39. Defendants failed to comply with the requirement of Labor Code section 204 when they

18   failed to pay Plaintiffs overtime once or twice during each month. This violation was willful and

19   intentional. As such, Plaintiffs seeks all statutory penalties provided by Labor Code section 210.

20      40. Wherefore, Plaintiffs pray for relief as set forth below.

21                              **SECOND CAUSE OF ACTION**

22        **Violation of the Fair Labor Standards Act for Non-Payment of Overtime**

23                              **(29 U.S.C. §§ 201, *et. seq.*)**

24                           **(Plaintiffs Against All Defendants)**

25      41. Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs

26   of this Complaint.

27      42. 29 U.S.C. § 203(s) states that the provisions of the FLSA applies to all entities, institutions

28   or businesses which employ persons involved in interstate commerce and whose annual gross

                                            7

                                      **COMPLAINT**

1   volume of sales is not less than $500,000.

2   43. Plaintiffs are informed and believe and thereon allege that at all relevant times, each

3   Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and or

4   in the production of "goods" for "commerce," within the meaning of the FLSA, 29 USC § 203. At

5   all relevant times, Defendants have employed Plaintiffs. At all relevant times, Defendants have

6   had gross operating revenues in excess of $500,000.

7   44. At all relevant times herein, Plaintiffs' employment with Defendants were subject to the

8   provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq.

9   ("FLSA") by virtue of Defendants' direct involvement in interstate commerce.

10   45. Plaintiffs are informed and believe and thereon allege that Defendants are an "enterprise

11   engaged in commerce or in the production of goods for commerce" as those terms are defined in

12   the statute and as interpreted by courts, and therefore Defendants are subject to, and must comply

13   with, the provisions of the FLSA. Further, During Plaintiffs' respective Employment Periods,

14   Plaintiffs used interstate instrumentalities of commerce as a regular and recurrent part of his

15   employment duties.

16   46. 29 U.S.C. § 207, requires all employees to be paid overtime compensation for work

17   performed in excess of forty (40) hours per week, unless specifically exempted by the law.

18   47. Although Plaintiffs were not exempt under the FLSA during their employment with

19   Defendants, Defendants knowingly caused and permitted Plaintiffs to regularly work in excess of

20   forty (40) hours per week without paying Plaintiffs one and one half (1 ½) times Plaintiffs' regular

21   rate of pay. Defendants were fully aware of the hours worked by and the duties assigned to

22   Plaintiffs.

23   48. By not paying overtime compensation in compliance with the FLSA, Defendants violated

24   Plaintiffs' rights under 29 U.S.C. §§ 201, et seq.

25   49. Defendants intentionally failed to pay Plaintiffs overtime compensation, and thus

26   Defendants are liable to Plaintiffs for overtime compensation and liquidated damages in an

27   amount equal to unpaid overtime compensation, pursuant to 29 U.S.C. § 216(b) of the FLSA.

28   50. Plaintiffs were required to retain an attorney for bringing this action and is entitled to an

**8**

**COMPLAINT**

1 | award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

2 | 51. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation,

3 | and liquidated damages, attorney's fee and cost, as provided by the FLSA, 29 U.S.C. §§ 216(b),

4 | 255 and such other legal and equitable relief as the Court deems just and proper.

5 | 52. Wherefore, Plaintiffs pray for relief as set forth below.

6 | **THIRD CAUSE OF ACTION**

7 | **Failure to Pay All Wages Due at Termination**

8 | **(Cal. Labor Code §§ 201, 202, 203)**

9 | **(Plaintiffs Against All Defendants)**

10 | 53. Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs

11 | of this Complaint.

12 | 54. Labor Code section 202 provides that an employer is required to provide an employee who

13 | resigns with all unpaid wages within 48 hours of resignation. Under Labor Code section 203, if an

14 | employer willfully fails to pay such wages, for every day that final wages or any part of the final

15 | wages remain unpaid, the employer is liable for a penalty equivalent to the employee's daily wage,

16 | for a maximum of 30 days.

17 | 55. Plaintiffs resigned on or about August 19, 2021 and were entitled to all unpaid wages at the

18 | time of their resignation, including unpaid overtime. (Cal. Lab. Code § 202) Defendants, however,

19 | as described above, willfully failed and refused to pay Plaintiffs all accrued wages owed, including

20 | unpaid overtime, within 48 hours of resignation, as required under California Labor Code section

21 | 202.

22 | 56. Since the date of Plaintiffs' respective resignations, Plaintiffs have been available and

23 | ready to receive the wages due and owing Plaintiffs. Plaintiffs have not refused to receive any

24 | payment from Defendants.

25 | 57. Defendants' failure to pay the wages due and owing Plaintiffs were willful in that Plaintiffs

26 | have made a demand for this payment but Defendants have refused to pay any portion of the

27 | amount due and owing Plaintiffs.

28 | 58. Defendants' willful failure to pay Plaintiffs' wages constitutes a violation of Labor Code

**COMPLAINT**

1    section 203 that provides that an employee's wages will continue as a penalty until paid up to 30

2    days from the time the wages were due. Therefore, Plaintiffs are entitled to a penalty in the

3    amount of their daily wage rate multiplied by 30 days.

4        59. Pursuant to Labor Code section 1194, Plaintiffs request the court to award Plaintiffs'

5    reasonable attorney's fees and costs incurred in this action.

6        60. Wherefore, Plaintiffs pray for relief as set forth below.

7                              **FOURTH CAUSE OF ACTION**

8                                  **Unfair Competition**

9                        **[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

10                          **(Plaintiffs against All Defendants)**

11       61. Plaintiffs incorporate by reference as though fully set forth herein the preceding paragraphs

12   of this Complaint.

13       62. Plaintiff Razzhigaev is a "person" within the meaning of California Business and

14   Profession Code section 17204 and has standing to bring this claim for equitable relief.

15       63. Plaintiff Shmakov is a "person" within the meaning of California Business and Profession

16   Code section 17204 and has standing to bring this claim for equitable relief.

17       64. At all relevant times, Defendants were conducting business under the laws of the State of

18   California. In conducting their businesses, Defendants were obligated to comply with federal and

19   California laws.

20       65. California Business and Profession Code sections 17200 *et. seq.* ("UCL"), defines unfair

21   competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus.

22   & Prof. Code § 17200.

23       66. Beginning at an exact date unknown to Plaintiffs, but at least four years before the filing of

24   this action, Defendants have engaged in unfair competition as defined by the UCL by, and as

25   further described above, including but not limited to violating various sections of the California

26   Labor Code, including but not limited to: 1194, 510, 200, 202, 203, and 204, as alleged above.

27       67. Plaintiffs are informed and believe and thereon allege that it is the regular practice of

28   Defendants to misclassify employees as exempt to avoid paying overtime compensation, and other

                                        **10**
                                _____

                                  **COMPLAINT**

1 | wages upon termination to their employees thereby disregarding their employment rights and
2 | violating other applicable laws.

3 | 68. Plaintiffs have suffered injuries in fact and has lost money as a direct and proximate result
4 | of Defendants' unfair competition, including, but not limited to, money due to him as overtime
5 | compensation, bonus, and reimbursements. This money has been acquired by Defendants by
6 | means of its unfair competition within the meaning of the UCL.

7 | 69. As a result of Defendants unfair business practices, Defendants have reaped unfair benefits
8 | and illegal profits at the expense of Plaintiffs. Defendants should be made to disgorge their ill-
9 | gotten gains and restore such monies to Plaintiffs.

10 | 70. Under California Business and Profession Code section 17203, Defendants' unfair business
11 | practices entitle Plaintiffs to seek injunctive relief, including but not limited to, orders that the
12 | Defendants account for, disgorge and restore to Plaintiffs the compensation unlawfully withheld
13 | from him, for the last four years together with interest thereon, as well as costs.

14 | 71. The conducts of Defendants, as alleged herein, have been and continue to be deleterious to
15 | Plaintiffs and the general public.

16 | 72. Defendants are liable for attorney fees under Civil Code section 1021.5 as this action
17 | confers a benefit on the general public in ensuring Defendants are prohibited from engaging in
18 | unfair business practices, as alleged herein.

19 | 73. Wherefore, Plaintiffs pray for relief as set forth below.

20 | **V.        PRAYER FOR RELIEF**

21 | WHEREFORE, Plaintiffs demand judgment against all Defendants as follows:

22 |     1)        For unpaid overtime compensation;

23 |     2)        For liquidated damages in an amount equal to unpaid overtime compensation,
24 | pursuant to 29 U.S.C. § 216(b) of the FLSA.

25 |     3)        Waiting time penalties under Labor Code Section 203;

26 |     4)        For all applicable statutory damages pursuant to Labor Code section 210;

27 |     5)        For restitution as provided by Business and Professions Code § 17200 et seq. and
28 | for an order requiring Defendants jointly and severally to restore and disgorge all funds to

1    Plaintiffs by means of any act or practice declared by this Court to be unlawful, unfair or

2    fraudulent and, therefore, constituting unfair competition under Business and Professions Code

3    §17200 et seq. as set forth above;

4          6)       Pre-judgment interest at the maximum legal rate;

5          7)       Reasonable attorney's fees under Labor Code sections 1194, 218.5, 29 U.S.C. §§

6    216(b) and Civil Code section 1021.5.

7          8)       For costs of this suit;

8          9)       For such other and further relief as the Court deems just and proper.

9          10)     For purposes of a default judgment and prove-up hearing, each Plaintiff seeks to

10    recover $200,000.

12        Dated:        October 26, 2022         KUCHINSKY LAW OFFICE, P.C.

14                                             BY _____

                                            Alexei Kuchinsky

15                                             Attorney for Plaintiffs Razzhigaev and

                                            Shmakov

**12**

**COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alexei Kuchinsky (State Bar No. 279405)<br>KUCHINSKY LAW OFFICE, P.C.<br>220 Montgomery Street, Suite 2100  San Francisco, CA 94104<br><br>TELEPHONE NO.: 628-200-0902   FAX NO.: 628-200-0907<br>ATTORNEY FOR *(Name):* Kirill Razzhigaev and Igor Shmakov | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>10/26/2022 at 02:54:28 PM<br>By: Xian-xii Bowie,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Kirill Razzhigaev et al. vs. ETouch Systems Corp. et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22CV020604<br><br>JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties         d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel       e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence              f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  4
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 10/26/2022

Alexei Kuchinsky
_____                        ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

F. ADDENDUM TO CIVIL CASE COVER SHEET    *Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| **Kirill Razzhigaev et al. vs. ETouch Systems Corp. et al.** | |

**CIVIL CASE COVER SHEET ADDENDUM**

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ ] Hayward Hall of Justice  (447)
[ X Oakland, Rene C. Davidson Alameda County Courthouse (446)    [ ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ X 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs   **[ ] Yes  [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

202-19 (5/1/00)    A-13

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/26/2022<br>Clad Flnke, Exec t ve Offcer / Clerk of the Cort<br>By: _X X X C B_ Deputy<br>X. Bowie |
| PLAINTIFF(S):<br>Kirill Razzhigaev  et al | |
| DEFENDANT(S):<br>ETouch Systems Corp. et al | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>22CV020604 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Patrick McKinney
DEPARTMENT: 15
LOCATION: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612
PHONE NUMBER: (510) 267-6931
FAX NUMBER:
EMAIL ADDRESS: Dept15@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing.  Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Patrick McKinney
DEPARTMENT 15

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

X. Bowie, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/26/2022<br>Clad Flike, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF:<br>Kirill Razzhigaev et al | |
| DEFENDANT:<br>ETouch Systems Corp. et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CV020604 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 03/14/2023   Time: 1:30 PM   Dept.: 15
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF<br>CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>10/26/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>X. Bowie |
| PLAINTIFF/PETITIONER:<br>Kirill Razzhigaev  et al | |
| DEFENDANT/RESPONDENT:<br>ETouch Systems Corp. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV020604 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Alexei Kuchinsky
Alexei Kuchinsky
220 Montgomery St., Ste 2100
San Francisco, CA 94104

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/31/2022

By:

X. Bowie, Deputy Clerk

**CERTIFICATE OF MAILING**



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

CASE NUMBER:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.  Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

    Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

    ☐ Court mediation          ☐ Judicial arbitration
    ☐ Private mediation        ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____              ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF)

Date:

_____              ▶ _____

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

NOV 0 3 2022

**EXHIBIT B**



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Virtusa Corporation                                              11/04/2022
Sandor Bocsi
Virtusa Corporation
132 Turnpike Road
Suite 300
Southborough MA 01772

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-5

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | Entity Served: | Virtusa Corporation |
|---|---|---|
| 2. | Title of Action: | Kirill Razzhigaev and Igor Shmakov vs. Etouch Systems Corp., Virtusa Corporation, et al. |
| 3. | Document(s) Served: | Summons<br>Complaint for Damages<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum |
| 4. | Court/Agency: | Alameda County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 22CV020604 |
| 7. | Case Type: | Failure to Pay Overtime Wages |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 11/03/2022 |
| 10. | Date to Client: | Friday 11/04/2022 |
| 11. | # Days When Answer Due: Answer Due Date: | 30<br>Saturday 12/03/2022   CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Alexei Kuchinsky<br>San Francisco, CA<br>628-200-0902 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Also Attached:<br>* Notice of Case Assignment<br>* Notice of Case Assignment Conference<br>* Certificate of Mailing, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**EXHIBIT C**

1  Timothy L. Reed, CA Bar No. 258034
   timothy.reed@ogletree.com
2  Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
   One Embarcadero Center, Suite 900
3  San Francisco, CA  94111
   Telephone:    415-442-4810
4  Facsimile:    415-442-4870

5  Attorneys for Defendants ETOUCH SYSTEMS
   CORP. and VIRTUSA CORPORATION

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF ALAMEDA**

10                   **RENE C. DAVIDSON COURTHOUSE**

11  KIRILL RAZZHIGAEV and IGOR SHMAKOV          Case No. 22CV020604

12              Plaintiffs,                      [Assigned for all purposes to The Honorable
                                                 Patrick McKenney, Dept. 15]
13         vs.
                                                 **DEFENDANTS ETOUCH SYSTEMS**
14  ETOUCH SYSTEMS CORP., VIRTUSA               **CORP. AND VIRTUSA CORPORATION'S**
    CORPORATION, and DOES 1 through 10,         **ANSWER TO COMPLAINT**
15
                Defendants.                      Action Filed:     10/26/2022
16                                               Trial Date:       None set

17

18

19

20

21

22

23

24

25

26

27

28

Defendants ETOUCH SYSTEMS CORP. and VIRTUSA CORPORATION ("Defendants") hereby answer the unverified Complaint ("Complaint") filed by KIRILL RAZZHIGAEV and IGOR SHMAKOV ("Plaintiffs") as follows:

## **GENERAL DENIAL**

1.      Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendants deny generally and specifically each and every allegation contained in the Complaint, and the whole thereof, and further deny that Plaintiffs have sustained damages in the sum or manner alleged, or in any other sum or manner whatsoever.

2.      Additionally, without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendants assert the following separate and independent defenses and prays for judgment as set forth below and further gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend their Answer to assert any such defenses:

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

### **(After-Acquired Evidence)**

1.      The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Failure to State a Cause of Action)**

2.      The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Unclean Hands)**

3.      Defendants allege, on information and belief, that the Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

///

///

1

**FOURTH AFFIRMATIVE DEFENSE**

2

**(Failure to Mitigate Damages)**

3      4.      Plaintiffs failed to take reasonable steps and make reasonable expenditures to reduce

4   Plaintiffs' claims, damages, losses, if any, and that said failure to mitigate Plaintiffs' damages bars

5   or reduces any claims, losses, or damages.

6

**FIFTH AFFIRMATIVE DEFENSE**

7

**(No Liability For Hours That Are Not Working Time)**

8      5.      The Complaint, and each and every cause of action alleged therein, is barred to the

9   extent that the hours for which Plaintiffs claim compensation are not working time under California

10  state law, including the applicable California Industrial Welfare Commission Wage Orders.

11

**SIXTH AFFIRMATIVE DEFENSE**

12

**(No Willful Failure To Pay)**

13     6.      The damages and penalties sought by the Complaint are barred, including but not

14  limited to, penalties awarded under California Labor Code Section 203 and the applicable IWC

15  Wage Order, because, at all relevant times, Defendants did not willfully, knowingly or intentionally

16  fail to comply with the compensation provisions of the California Labor Code or any other law

17  related to the matters alleged in the Complaint, but rather acted in good faith and had reasonable

18  believing that it did not violate those provisions.

19

**SEVENTH AFFIRMATIVE DEFENSE**

20

**(Statute of Limitations)**

21     7.      The Complaint, and each and every cause of action alleged therein, is barred by the

22  applicable statute of limitations, including, but not limited to California Code of Civil Procedure

23  Sections 338 and 340; California Business and Professions Code Section 17208; and 29 U.S.C.

24  § 255.

25

**EIGHTH AFFIRMATIVE DEFENSE**

26

**(*De Minimus*)**

27     8.      The Complaint is barred, in whole or in part, because some or all of the time for

28  which compensation is sought is *de minimus* and therefore is not compensable.

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

9.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**(Reimbursement)**

10.      Defendants allege that any reimbursement, from whatever source, to Plaintiffs of the damages alleged must be applied against any liability of Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Reasonable Good Faith Reliance)**

11.      Any recovery of allegedly unpaid wages is barred because Defendants reasonably relied on the accuracy of the time reporting information provided by Plaintiffs and properly paid Plaintiffs accurate wages for all such time.  At all relevant times, Defendants did not willfully, knowingly, or intentionally fail to comply with any provision of the California Labor Code or federal law, but rather acted in good faith in their acts and omissions and had reasonable grounds for believing that they did not violate those provisions.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

12.      The Complaint, and each and every cause of action alleged therein, is barred by Plaintiffs' waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Properly Classified as Exempt)**

13.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were properly classified as an exempt employees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith Belief / Privilege)**

14.      Defendants are informed and believes and thereon alleges that Plaintiffs' Complaint is barred in whole or in part because actions taken with respect to Plaintiffs' employment, if any,

1    were based on an honest, reasonable, good faith belief in the facts known and understood at the

2    time.  Further, Defendants' conduct with regard to Plaintiffs was privileged, justified, and in good

3    faith and Defendants allege that they are entitled to all privileges available to Defendants to the

4    extent provided by the California Civil Code.

5                        **FIFTEENTH AFFIRMATIVE DEFENSE**

6                                  **(No Overtime)**

7           15.    Although Defendants deny that they misclassified Plaintiffs as exempt employees,

8    to the extent Plaintiffs are found to be non-exempt employees, the Complaint, and each and every

9    cause of action alleged therein, is barred on the ground that to the extent Plaintiffs did work any

10   overtime, which Defendants deny, such work was not authorized by Defendants and performed

11   without Defendants' knowledge.

12                       **SIXTEENTH AFFIRMATIVE DEFENSE**

13                               **(Released Claims)**

14          16.    The Complaint and each purported cause of action alleged therein are barred, in

15   whole or in part, to the extent Plaintiffs and/or their agents have released any of their purported

16   causes of action against Defendants.

17                      **SEVENTEENTH AFFIRMATIVE DEFENSE**

18                        **(Unconstitutionality Of Penalties)**

19          17.    The Complaint, and each and every cause of action alleged therein, is barred in that

20   Plaintiffs are not entitled to recover any punitive or penal damages, such as those Plaintiffs seek

21   under California Labor Code Sections 203 and 210 and 29 U.S.C. 216(b), and any award of such

22   penalties or damages would, in general or under the facts of Plaintiffs' particular claims, violate

23   Defendants' constitutional rights under the provisions of the United States and California

24   Constitutions.

25                       **EIGHTEENTH AFFIRMATIVE DEFENSE**

26                                 **(No Wages Owed)**

27          18.    The claims alleged in the Complaint are barred, in whole or in part, because

28   Plaintiffs were provided timely, proper, and complete payment of all wages due.

DEFENDANTS ETOUCH SYSTEMS CORP. AND VIRTUSA CORPORATION'S ANSWER TO COMPLAINT

1

2

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

3

4

5

19.     The cause of action under California Business and Professions Code Sections 17200, *et seq.*, as well as any other request for equitable relief, is barred because Plaintiffs have an adequate and complete remedy at law.

6

## TWENTIETH AFFIRMATIVE DEFENSE

7

### (Lack Standing)

8

9

10

20.     Plaintiffs lack standing to bring a cause of action based on California Business and Professions Code Sections 17200, *et seq.* because they have not suffered any injury in fact and have not lost money or property as a result of the alleged unfair competition by Defendants.

11

## TWENTY-FIRST AFFIRMATIVE DEFENSE

12

### (Setoff, Offset, and/or Recoupment)

13

14

15

16

17

21.     As a separate and affirmative defense to the Complaint and to each cause of action alleged therein, Defendants allege that, if any damages have been sustained by Plaintiffs, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all extra payments and/or overpayments and/or all obligations of Plaintiffs owed to Defendants against any judgment that may be entered against Defendants.

18

## TWENTY-SECOND AFFIRMATIVE DEFENSE

19

### (Speculative Damages)

20

21

22.     Plaintiffs cannot recover any of the damages alleged in the Complaint because such damages, if any, are too speculative to be recoverable at law.

22

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23

### (California Business and Professions Code § 17200, et seq. Recovery Unconstitutional)

24

25

26

27

28

23.     Any finding of liability pursuant to California Business and Professions Code Section 17200, *et seq.* would violate the Due Process and Equal Protection clauses of the United States and California Constitutions because the applicable standards of liability are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Right to Amend Answer)

3       24.      Defendants reserve their right to amend their answer herein, including the addition

4   of affirmative defenses, after pleading and discovery in preparation for trial.

5

## PRAYER FOR RELIEF

6       WHEREFORE, Defendants pray for judgment as follows:

7       1.      That Plaintiffs take nothing by way of the Complaint;

8       2.      That judgment be entered against Plaintiffs and in favor of Defendants on all causes

9   of action;

10      3.      That Defendants be awarded attorneys' fees and costs of suit incurred herein; and

11      4.      That Defendants be awarded such other and further relief as the Court may deem

12  just and proper.

13

14  DATED:  December 5, 2022                    OGLETREE, DEAKINS, NASH, SMOAK &
                                               STEWART, P.C.
15

16

17                                             By: _____
                                                   Timothy L. Reed
18

19                                             Attorneys for Defendants ETOUCH SYSTEMS
                                               CORP. and VIRTUSA CORPORATION
20

21

22

23

24

25

26

27

28

1
2

**PROOF OF SERVICE**
*Kirill Razzhigaev and Igor Shmakov v. eTouch Systems Corp. et al.*
**Case No. 22CV020604**

3

4

5

6

     I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

7

     On December 5, 2022, I served the following document(s):

8

**DEFENDANTS ETOUCH SYSTEMS CORP. AND VIRTUSA CORPORATION'S ANSWER TO COMPLAINT**

9

10

on the person(s) below by the method(s) indicated:

11

12

13

14

Alexei Kuchinsky, Esq.                                 Attorneys for Plaintiffs
KUCHINSKY LAW OFFICE, P.C.                Kirill Razzhigaev and Igor Shmakov
220 Montgomery Street, Suite 2200
San Francisco, CA 94104
Tel:     628-200-0902
Fax:    628-200-0907
Email:   ak@kuchinskylawoffice.com

15

16

17

18

☒   **BY MAIL:**  I caused such envelope to be placed for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20

21

22

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address linda.lingren@ogletree.com.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  Service by e-mail was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☒ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.  *See* Cal. R. Ct. R. 2.260.

23

24

☐   **BY HAND SERVICE:**  I personally handed copies of the attached to the attorney(s) listed above.

25

26

☐   **BY MESSENGER:**  I caused the document(s) to be personally served by placing the document(s) in (a) sealed envelope(s) to be hand-delivered by same-day messenger service to the above addressee(s).

27

28

☒     **(State)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Case No. 22CV020604

PROOF OF SERVICE

Executed on December 5, 2022, at San Francisco, CA.

_____
Linda Lingren

54003720.v1-OGLETREE

**CERTIFICATE OF SERVICE**

State of California, County of San Francisco

       I am employed in the County of San Francisco, State of California; I am over the age of 18 years and not a party to this action. My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

       On December 5, 2022, I served the following document(s) described as:

**DEFENDANTS ETOUCH SYSTEMS CORP. AND VIRTUSA CORPORATION'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1441 (FEDERAL QUESTION)**

☐   With the Clerk of the United States District Court of Northern District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System.

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address linda.lingren@ogletree.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **BY U.S. MAIL:** Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

| | |
|---|---|
| Alexei Kuchinsky, Esq.<br>KUCHINSKY LAW OFFICE, P.C.<br>220 Montgomery Street, Suite 2200<br>San Francisco, CA 94104<br>Tel:     628-200-0902<br>Fax:    628-200-0907<br>Email:   ak@kuchinskylawoffice.com | Attorneys for Plaintiffs<br>Kirill Razzhigaev and Igor Shmakov |

☒   (Federal)       I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 5, 2022, at San Francisco, CA.

/s/Linda Lingren
Linda Lingren

54004984.v1-OGLETREE